UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                      Case No.: 17-23548-LMI

BERNARDO ROMAN III,                                          Chapter 7

    Debtors.
_____/

## NOTICE OF TAKING RULE 2004 EXAMINATION *DUCES TECUM*

TO:    Kathleen T. Bliss            Kathleen T. Bliss
        4300 SW 3rd Street          6278 North Federal Highway, #447
        Miami, FL 33134            Fort Lauderdale, FL 33308

**PLEASE TAKE NOTICE THAT**, Ross R. Hartog, chapter 7 trustee, will examine the following person under oath, at the following date, time and location pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1:

    **EXAMINEE**:        Kathleen T. Bliss

    **DATE**:             March 15, 2018

    **TIME:**             9:30 a.m. (E.T.)

    **LOCATION**:        Markowitz Ringel Trusty & Hartog, P.A.
                          101 NE Third Avenue, Suite 1210
                          Fort Lauderdale, Florida 33301

The examination is being conducted pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Rule 2004 of the Federal Rules of Bankruptcy Procedure. If the Examinee requires an interpreter, it is the Examinee's responsibility to engage the employment of such interpreter to be present at the examination.

The examination is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy

1

Procedure and other applicable law, and shall continue day to day until completed. If the Examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. Any objection must be heard prior to the taking of the examination.

The Examinee is requested to produce for inspection and photocopying the documents listed on the attached *Schedule "A"* **before 4:00 p.m. on March 12, 2018**, at the offices of Markowitz Ringel Trusty & Hartog, PA, 101 NE Third Avenue, Suite 1210, Fort Lauderdale, FL 33301.

Dated: February 15, 2018             **MARKOWITZ RINGEL TRUSTY & HARTOG, P.A.**
*Counsel to Chapter 7 Trustee*
101 N.E. Third Avenue, Suite 1210
Fort Lauderdale, Florida 33301
Tel: (954) 767-0030 // Fax: (954) 767-0035

By: /s/ *Grace E. Robson*
    Grace E. Robson, Esq.
    Fla. Bar No. 178063
    grobson@mrthlaw.com

## *SCHEDULE "A"*

I. **INSTRUCTIONS**

      A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the Examinee the information supplied in the answers to the document request shall be supplemented forthwith.

      B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but not be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

      C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

          1.    The names of the authors of the document;
          2.    The names of the persons to whom the documents or copies were sent;
          3.    The date of the document;
          4.    The date on which the document was received by each addressee, copyee or its recipients;
          5.    A description of the nature and subject matter of the document that is as complete as possible;
          6.    The date on which the document was lost, discarded or destroyed; and
          7.    The manner in which the document was lost, discarded or destroyed.

      D.    With respect to any document that Examinee withholds under claim of privilege, the Examinee shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the Examinee shall provide a statement, signed by an attorney representing the Examinee, setting forth as to each such document:

          1.    The names of the senders or the document;
          2.    The names of the authors of the document;
          3.    The names of the persons to whom the document or copies were sent;
          4.    The job title of every person named in subparagraphs 1, 2 and 3 above;

       5.       The date of the document;
       6.       The date on which the document was received by each addressee, copyee or its recipient;
       7.       A brief description of the nature and subject matter of the document; and
       8.       The statute, rule or decision which is claimed to give rise to the privilege.

E.     If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.     All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.     Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.     The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.     "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

J.     "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.     The use of the singular form of any word includes the plural and vice versa.

L.     All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.     Unless otherwise stated herein, the time period encompassed by these requests shall be from **June 1, 2013** to present.

N.     Subject to Instruction G hereinabove, if any document responsive to these requests has previously been provided to the Creditor, the Debtor need only respond to such request with a statement indicating that the document was previously provided to the Creditor, indicating the date of such transmission, and the means by which the document was provided.

## II.     DEFINITIONS

For purposes of this Request, the following definitions shall apply:

A.     "Examinee", "you", and "your" shall mean Kathleen Taylor Bliss, including any affiliates, professionals, assigns, employees, agents, and others purporting to act on its behalf.

B.     "<u>Debtor</u>" shall mean Bernardo Roman, III, including any affiliates, professionals, assigns, employees, agents and others purporting to act on its behalf.

C.     "<u>Documents</u>" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Examinee, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files. All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

III. **DOCUMENTS TO BE PRODUCED**

      1.     All documents evidencing any gifts, money or other property given or transferred to you, or for your benefit, by or on behalf of the Debtor, for the period of June 1, 2013 through the date of your response to this request including, but not limited to the following: (a) Rolex watch purchased in Italy in 2013; (b) necklace purchased in Italy in 2013; (c) tuition paid on your behalf; (d) payment of student loan(s) on your behalf; (e) payment of debt owed on any vehicle(s); (f) purchase of new vehicle(s); (g) purchase of real property located at 4300 SW 3rd Street Miami, FL 33134 or any other real property (the "Real Property"); (h) payment for improvements made to the Real Property; (i) transfers of money to your Bank of America account(s); and (j) any other gifts or transfers made in the referenced timeframe.

      2.     All written communications with the Debtor regarding any and all payments, gifts or other property made by the Debtor to you for the period of June 1, 2013 through the date of your response to this request, including, but not limited to the following: (a) Rolex watch purchased in Italy in 2013; (b) necklace purchased in Italy in 2013; (c) tuition paid on your behalf; (d) payment of student loan(s) on your behalf; (e) payment of debt owed on any vehicle(s); (f) purchase of new vehicle(s); (g) purchase of all Real Property (as defined in paragraph 1 above); (h) payment for improvements made to all Real Property; (i) transfers of money to your Bank of America account(s); and (j) any other gifts or transfers made in the referenced timeframe.

      3.     Copies of all bank and credit card statements, cancelled checks, and deposits for Bank of America account ending x5006 or other credit card and bank accounts belonging to you from which you received payments or transfers of money from or on behalf of the Debtor for the period of June 1, 2013 to the date of your response to this request.

      4.     Any and all documents evidencing the sources of the payment of any bills associated with any vehicle(s) and real property that were paid for or given to you by the Debtor, including, but not limited to real property taxes, car insurance, property insurance, flood insurance, wind insurance, utilities, gasoline, vehicle registration and any other costs associated with ownership of such gifts.

      5.     Copies of the offers, counteroffers and draft purchase contract(s) regarding any Real Property for the period of June 1, 2013 through the date of your response.